**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN B. STEBBINS, as the Personal
Representative of the Estate of
John Harris Stebbins, deceased,

               Plaintiff,

-vs-                                          Case No.  3:16-cv-958-J-34JRK

HOLIDAY CVS, L.L.C., et al.,

               Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co.,168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); see also Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999).  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On July 28, 2016, Defendant Holiday CVS, L.L.C. (Holiday) filed Defendant's Notice of Removal to the United States District Court (Doc. 1; Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1; Complaint (Doc. 2; Complaint). In the Notice, Holiday asserts that "[c]onsidering the diversity of citizenship and the amount in controversy, removal is appropriate under 28 U.S.C. § 1332." See Notice at 3. However, upon review of the Notice, the Court is unable to determine whether it has jurisdiction over this action.

Initially, the Court notes that "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Here, Holiday fails to provide sufficient information as to its own citizenship or that of Plaintiff. The Plaintiff in this case is John B. Stebbins, as the personal representative of The Estate of John Harris Stebbins, deceased. See Complaint at 1. In the Notice, Holiday alleges that "Plaintiff is a resident of Duval County, Florida." Notice at 2. In support, Holiday cites to an allegation in the Complaint that John B. Stebbins "was and is a resident of Duval County, Florida." See Notice at 2 (citing Complaint ¶ 2)). The problem with this allegation is two-fold. When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the

time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Moreover, in order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, allegations as to an individual's residence are insufficient to establish his citizenship for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Because Holiday alleges the residence of the personal representative, rather than the citizenship of the decedent, the Court is unable to determine Plaintiff's citizenship for purposes of diversity jurisdiction.

As to its own citizenship, Holiday asserts that it is a limited liability company whose sole member is CVS Pharmacy, Inc.  See Notice ¶ 5.  Holiday then alleges that CVS Pharmacy, Inc. is "a corporation organized under the laws of the state of Rhode Island." Id. While Holiday is correct that its citizenship is determined by the citizenship of its members, Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004), Holiday fails to adequately allege the citizenship of its sole member, CVS Pharmacy, Inc. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has

its principal place of business.'"  Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)).  Because Holiday fails to identify CVS Pharmacy, Inc.'s principal place of business, the Court is unable to determine the citizenship of CVS Pharmacy, Inc. and therefore cannot ascertain the citizenship of Holiday.

In light of the foregoing, the Court will give Holiday an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[1] Accordingly, it is

**ORDERED**:

Defendant Holiday CVS, L.L.C. shall have until **August 16, 2016**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on August 2, 2016.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").